IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUSTIN KRANTZ,

    Movant,

v.                                                                                          Civ. No. 19-609 JAP/LF
                                                                                            Cr. No. 16-4004 JAP

UNITED STATES OF AMERICA,

    Respondent.

### MEMORANDUM OPINION AND ORDER

On July 1, 2019, *pro se* Movant Justin Krantz filed a MOTION REQUESTING IMMEDIATE RELEASE PURSUANT TO THE RECENT RULING FROM THE UNITED STATES SUPREME COURT WHEREIN THE COURT HAS FOUND 18 U.S.C. § 922(g) UNCONSTITUTIONAL (CV Doc. No. 1). Movant sought release from incarceration in light of the Supreme Court's ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Id*. at 1. On July 29, 2019, the Court informed Movant that his motion would be recharacterized as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, and therefore it needed to follow the proper form or risk dismissal. *See* ORDER REGARDING RECHARACTERIZATION OF MOTION (CV Doc. No. 2) at 1. On August 9, 2019, Movant filed a proper § 2255 motion. *See* Motion (CV Doc. No. 4) ("Motion"). On November 1, 2019, Movant filed a BRIEF IN SUPPORT OF 28 U.S.C. § 2255. (CV Doc. No. 6). At the request of the Court, the United States filed THE UNITED STATES' RESPONSE TO DEFENDANT'S AMENDED MOTION TO VACATE SENTENCE AND MOTION TO ENFORCE COLLATERAL-ATTACK WAIVER PROVISION IN PLEA AGREEMENT (CV Doc. No. 7). The Court determines that Movant is not entitled to

relief and will dismiss the Motion as required by Rule 4(b) of the Rules Governing Section 2255 Cases.[1]

### Factual Background

On October 12, 2016, a federal grand jury indicted Movant on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* INDICTMENT (CR Doc. No. 1). On April 11, 2017, Movant entered into a PLEA AGREEMENT (CR Doc. No. 27). In the Plea Agreement, the United States and the Movant agreed under Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C) to a sentence of fifty-seven (57) months. *Id*. at 4. In exchange, Movant agreed to waive any collateral attack, including 28 U.S.C. § 2255 motions, except on the issue of ineffective assistance of counsel. *Id*. at 6–7.

The Court found that Movant entered the Plea Agreement freely, voluntarily, and intelligently. *See* PLEA MINUTE SHEET (CR Doc. No. 28). The Court accepted the Plea Agreement at the sentencing hearing on July 13, 2017. *See* SENTENCING MINUTE SHEET (CR Doc. No. 35). The Court then sentenced Movant to the recommended fifty-seven-month term of imprisonment. *Id*.

On June 21, 2019, the United States Supreme Court decided *Rehaif*, which held that to convict a defendant under 18 U.S.C. § 922(g), the government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. Movant argues that he is entitled to relief under *Rehaif* because the United States failed to prove that he knew that he belonged to a category of people barred from possessing a firearm. *See* BRIEF IN SUPPORT OF 28 U.S.C.

---

[1] Rule 4(b) of the Rules Governing Section 2255 Cases directs District Court judges to "dismiss the motion and direct the clerk to notify the moving party" when "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

§ 2255 at 5–6. Movant additionally argues that Congress exceeded its Commerce Clause authority in enacting 18 U.S.C. § 922(g) and that the statute is therefore unconstitutional. *Id*. at 6.

**Analysis**

Movant's request for relief under *Rehaif* is a collateral attack on his sentence. *See Parke v. Raley*, 506 U.S. 20, 30 (1992) (defining collateral attacks as seeking to deprive a conviction of its "normal force and effect in a proceeding that [has] an independent purpose other than to overturn the prior judgments"). The Court will first address the enforceability of the collateral attack waiver in Movant's Plea Agreement, because an enforceable waiver precludes review of the merits. *See United States v. Hahn*, 359 F.3d 1315, 1330 n.15 (10th Cir. 2004). If the *Rehaif* attack on Movant's sentence is within the scope of Movant's Plea Agreement, then Court must enforce the waiver.

The Tenth Circuit employs a three-part test to determine if a post-conviction waiver is enforceable: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *Hahn*, 359 F.3d at 1325. The Court will address each part in turn.

*Scope of the Waiver*

In determining the scope of an appellate or post-conviction waiver, the Court must "strictly construe [] the scope of an appellate waiver in favor of the defendant" and evaluate the waiver "in light of the defendant's reasonable understanding at the time of the guilty plea." *United States v. Novosel*, 481 F.3d 1288, 1291 n.1 (10th Cir. 2007). In his Rule 11(c)(1)(C) Plea Agreement, Movant agreed to waive "any collateral attack to the Defendant's conviction(s) . . . except on the issue of defense counsel's ineffective assistance." Plea Agreement at 6–7. Because *Rehaif* announced a new rule of law, Movant's collateral attack under *Rehaif* does not implicate the assistance of counsel. This challenge, therefore, is within the waiver language of "any collateral

3

attack" other than ineffective assistance of counsel. Movant does not contend, nor is there anything in the record that would indicate, that he did not understand the scope of the waiver at the time he entered into the Plea Agreement. The Court concludes that the issue of eligibility for relief under *Rehaif* is within the scope of the waiver of collateral attack in Movant's Plea Agreement.

*Knowing and Voluntary Waiver*

In order to determine the enforceability of the waiver, the Court must consider whether the waiver was knowing and voluntary. *Hahn*, 359 F.3d at 1325. *Hahn* requires the examination of two factors in considering whether a defendant knowingly and voluntarily agreed to an appellate and post-conviction waiver. First, the court looks to "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily." *Id*. Second, the acceptance of the guilty plea must be the result of an adequate colloquy between the Court and the defendant under Rule 11. *Id.*

Movant's Plea Agreement states that the plea "is freely and voluntarily made and is not the result of force, threats, or promises . . . ." Plea Agreement at 7. The Plea Agreement also states that Movant is knowingly waiving jury trial and appeal rights. *Id*. at 2. The Plea Agreement sets out Movant's understanding of his rights, the maximum sentence that could be imposed absent the agreement, and the factual basis of his plea. *Id*. The language of the Plea Agreement indicates that the plea and waiver is knowing and voluntary. The record also reflects an adequate colloquy between Movant and the Court under the requirements of Rule 11. *See* Plea Minute Sheet. The Court questioned Movant regarding whether he had time to consult his attorney and if he was satisfied with his attorney's representation. *Id*. Based on the colloquy, the Court found that Movant fully understood the charges, the terms of the plea, the consequences of entry into the plea agreement, and that the plea was freely, voluntarily, and intelligently made. *Id*. A defendant "has the burden to present evidence from the record establishing that he did not understand the waiver."

4

*United States v. Edgar*, 348 F.3d 867, 872–73 (10th Cir. 2003). Movant has not provided any evidence to the contrary. The Court can conclude that Movant entered the agreement knowingly and voluntarily.

*Miscarriage of Justice*

To determine the last factor of waiver enforceability, defendant bears the burden of persuasion to show that a miscarriage of justice will occur if the waiver is enforced. *See United States v. Maldonado*, 410 F.3d 1231, 1233–34 (10th Cir. 2005). A miscarriage of justice may result "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quoting *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)) (brackets in original). Movant has not argued that enforcement of his waiver will result in the miscarriage of justice. Even on an independent review, the record would not support such a conclusion. First, the record does not indicate that the Court relied on any impermissible factor. Second, the record does not disclose any question of ineffective assistance of counsel in connection with negotiation of the waiver. To the contrary, on questioning by the Court, Movant expressed satisfaction with his representation. *See* Plea Minute Sheet. Third, the sentence imposed on Movant neither exceeded the statutory maximum nor exceeded Movant's own expectations. Instead, Movant received the sentence (fifty-seven months) to which both parties specifically agreed in the Plea Agreement under Rule 11(c)(1)(C). *See* Plea Agreement at 4. Fourth, in order for a waiver to be "otherwise unlawful," any error in the waiver must seriously affect the fairness, integrity or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732 (1993). This factor focuses on the fairness of the proceedings, rather than result of the proceedings. *See United States v. Smith*, 500 F.3d 1206, 1212–13 (10th Cir. 2007). The record does not reflect, and

Movant does not allege, any error that seriously affected the fairness, integrity, or public reputation of the proceedings. Movant has not met his burden in this respect, and the Court concludes that enforcement of the waiver does not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1327–29.

**Conclusion**

The Court will enforce the Plea Agreement, including the agreed term of incarceration and the waiver of collateral review, and will dismiss Movant's Motion under Rule 4(b) of the Rules Governing Section 2255 Cases. Because enforcement of a valid plea agreement waiver precludes review of any merits-based issues, *see Hahn*, 359 F.3d at 1330 n.15, the Court need not address the retroactive applicability of *Rehaif* or whether 18 U.S.C. § 922(g) is unconstitutional.[2] Movant has also failed to make a substantial showing that he has been denied a constitutional right under 28 U.S.C. § 2253(c). The Court will therefore deny a certificate of appealability under Rule 11(a) of the Rules Governing Section 2255 Cases.

IT IS ORDERED that:

(1) The MOTION REQUESTING IMMEDIATE RELEASE PURSUANT TO THE RECENT RULING FROM THE UNITED STATES SUPREME COURT WHEREIN THE COURT HAS FOUND 18 U.S.C. § 922(g) UNCONSTITUTIONAL (CV Doc. No. 1) is DISMISSED; and

(2) A certificate of appealability is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Even if the Court could consider Movant's § 922(g) argument, the Tenth Circuit has previously foreclosed this theory. *See*, *e.g.*, *United States v. Dorris*, 236 F.3d 582, 586 (10th Cir. 2000) (holding that Congress did not exceed its authority under the Commerce Clause in enacting 18 U.S.C. § 922(g)).